Mr. Charles L. Robinson, C.P.A. Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on a follow-up question to Attorney General Opinions 91-291 and 91-427, copies of which are enclosed. The first opinion concluded that under Act 10 of 1991, a school district may not, by indexing its salary schedule, pay a school superintendent an amount of salary increase greater than the average percentage increase of the certified personnel of the district. The second opinion concluded that this requirement of Act 10, however, cannot operate to impair a multi-year contract of a school superintendent which was executed prior to Act 10's effective date, at least until or unless such contract is renewed. Your question with respect to these opinions is as follows:
 May a school board pay a superintendent under the terms of a three year contract if:
 1. the contract was executed prior to the effective date of Act 10 of 1991;
 2. the contract contained an `indexing' clause whereby the superintendent was to receive an annual increase greater than the average percentage increase of the certified personnel of the district;
 3. any increase in salary for the superintendent for the 1991-92 and 1992-93 school years was paid from monies other than the `Educational Excellence Trust Fund'; and
 4. the school board takes no action to renew or amend the contract until the end of the three year period?
It is my opinion that the answer to your question is "no."
Your question inquires as to whether a school district may continue to pay a superintendent according to a three year contract even though payments under such contract would result in salary increases for the superintendent which are greater than the average increases to certified personnel and would thus be contrary to Act 10 of 1991.
It is my opinion that a school district may not pay a superintendent under such contract contrary to Act 10. School districts are authorized to employ superintendents under three year contracts. A.C.A. § 6-17-301. These contracts, however, may be "renewed" annually. A.C.A. § 6-17-301(b). Although the issue is not completely clear, it may be argued that this right of renewal on the part of the school district makes the contract in reality a one year contract, rather than a three-year contract, subjecting it to renegotiation and a change of terms after one year.
This being the case, it is my opinion that no constitutional problem as to the impairment of the obligations of contract would exist if Act 10 is applied to the contract after one year.
Additionally, it may be contended that a school district is under an obligation to renew the contract in order to comply with the legislative mandate of Act 10 of 1991 that superintendents not receive increases greater than certified personnel of the district. If a school district chose not to renew the contract after one year, which according to my understanding is atypical, the district would be flagrantly violating the mandate of the legislature limiting increases in superintendents' salaries. In my opinion, therefore, school districts are under an obligation to "renew" such contracts, so that the provisions of Act 10 will clearly take effect. As stated in Opinion No. 91-427, no constitutional impairment of the obligation of contracts occurs by virtue of the application of Act 10 to a "renewed" contract. Contracts which are "renewed" will incorporate all existing provisions of law at the time of renewal, including the provisions of Act 10.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures